May it please the Court. My name is Steve Grude, Counsel for Los Angeles Unified School District, and I'd like to request two minutes for rebuttal this morning. Thank you, Your Honor. Do you work for the school district? No, Your Honor. I'm outside counsel for the school district. Your Honors, this case presents a simple and straightforward legal issue, and that is simply whether the degree of success standard that has been set forth by the Supreme Court applies to cases under the Individual Disabilities and Education Act. From day one of the administrative proceeding three years ago, the parent in this case contended that if she were to prevail on a significant issue, she would be entitled to her entire fees in this action, essentially morphing the significant issue test into a test of strict liability for attorney's fees. In the instant case, the lower court erred because the lower court did not consider the degree of success, and this is evidenced. But, Counsel, the district court does reduce the fees in half. Yes, Your Honor. So we did get the plaintiff, in fact, didn't get all of the fees that she asked for. Correct, Your Honor. Under the law, there's several bases that a district court can reduce the fees. Here under the IDEA, there's specific subsections that provide different mechanisms, and the district court did employ one of those mechanisms to reduce fees. And which mechanism? That the parent failed to identify the issues on which she prevailed timely prior to the hearing, Your Honor, as the issues were identified on the very first day of hearing as opposed to 10 days as required under the law. However, Your Honor, the Supreme Court has held in Hensley that the most critical factor is the degree of success. And while it was appropriate for the district court to reduce fees for other reasons in addition to degrees of success, Hensley teaches us that unsuccessful claims are not to be compensated. And here, the manner in which the district court Is Hensley an IDEA case? No, Your Honor, but the court in Hensley expressly said that it applies generally to all Federal fees-shifting statutes, and therefore, it should apply to this case. When was Hensley decided? I'm sorry, Your Honor? When was Hensley decided? 1983, Your Honor. And when was this statute passed? The revised version of the statute, I believe, was 1997, Your Honor. But the predecessor statute did not vary as far as the attorney's fees provision in any significant way to the issue here. Well, do you have a case, a Ninth Circuit case, that holds that degree of success is the test that's applied in the Ninth Circuit? No, Your Honor. There is no published decision by the Ninth Circuit. And that's exactly why this case is so important, because several circuit courts have held that the degree of success standard applies to the IDEA, including the Third, Fifth, Seventh, and Tenth Circuits. And I'm unaware of any circuit court that has held the opposite, that it does not apply. Because the Supreme Court, excuse me, has held that the standards set forth in Hensley apply to all Federal fee-shifting statutes, we submit that it because the IDEA But that's before or after the IDEA was passed? It was before, Your Honor. But as the Fifth Circuit Court noted in JDW v. Houston Independent School District, the legislative history, when they enacted the attorney's should apply to the IDEA. And, in fact, if Your Honor looks at the plain language of the attorney's fees provision in Section 1988, which was the Hensley case, and the language in the IDEA for attorney's fees. I know all those sections. I've passed out millions of dollars in attorney's fees. I mean, you want to get in line, go ahead. The district's not trying to be greedy here, Your Honor. However, this is very important, because what happens in these cases, Los Angeles Unified faces hundreds of these cases a year, and school districts face a number of these cases a year. And the concept behind the degree of success is that a parent is entitled to a reasonable attorney's fee. We're not disputing that the parent crossed the statutory threshold here and is a prevailing party in this case, Your Honor. However, that only is crossing the statutory threshold to make her eligible. That does not determine the reasonableness of the fee. Here, although we argued that the degree of success should apply, the record is clear that the Court did not apply it. In fact, the record's clear that the Court considered contemplating the degree of success, but felt a little uneasy because of the lack of precedent from the Ninth Court. If the Court were to look at page 505 of the record, which is the transcript from our oral argument, at the beginning, the district's court asked, so I think the first question is, is there discretion for me to allocate so that the fees pertain, that are awarded, would pertain to that which the plaintiff prevailed upon? And the Court shared with us for discussion an unpublished decision from this Court and grappled with the issue as to whether the Court had authority to apply the degree of success. However, when the ultimate order came out by the Court, there was no mention of degree of success. The Court merely said that the parent passed the significant issue test and, therefore, was a prevailing party. The point would be — I'm sorry? That's what happened here. Right. And the point — we do not dispute that, Your Honor. The case is about what is a reasonable fee, and more importantly, it's about — Isn't there — is there a causal link here between the lawsuit and the outcome? Yeah. We're not disputing that the parent is a prevailing party, Your Honor. We're merely indicating that that's only the first step in the analysis to the — before one determines what the reasonable fee is. However, the Court, pursuant to the Supreme Court's decision in Hensley, must then consider the degree of success to determine a reasonable fee, and that did not happen in this case. The Court instead — Well, you don't have any case that says we apply Hensley. Well, I have — An IDEA case. I don't have a Ninth Circuit — Passed 20 years later. Correct, Your Honor. I don't have a Ninth Circuit case law that says that. But four different circuit courts have said that, Your Honor. Moreover, just last year, this Court applied the Buchanan — the Buchanan decision from the Supreme Court to the IDEA regarding where the Supreme Court rejected the catalyst theory, and that was in Shapiro v. Paradise Unified School District, July 2004. And if — We're not dealing with that here. No, we're not, Your Honor. But that's an example of where we have — where this Court has adopted Federal attorneys' fees analysis from the Supreme Court and applied it to the IDEA. And it would seem that there would be no reason to deviate from that under the IDEA because the same policy considerations for shifting fees are present under the IDEA as they are in other civil rights statutes. The whole idea is to defray, you know, reasonable attorneys' fees with regard — and costs with regard to meritorious claims. The Supreme Court has instructed that a defendant is not to have to pay for unsuccessful, unrelated claims. Okay. Do you want to save some time? Yes, Your Honor. Thank you. You're doing a good job, so you're — Thank you. I'll put in a good word for you, and you can raise your feet. I'll lay you on the side. Go ahead. Good morning, Your Honors. May it please the Court. I am Michael Jewell of Roberts, Adams & Jewell, and our office represents Apolli and parent Mata Aguirre. The standard of review for the Court in this matter is abuse of discretion. The statute at issue is 20 U.S.C. 1415i3b, which provides — Counsel, it would be abuse of discretion if we were confident that the district court had the correct legal standard before us. But if the district court believed that it was bound to award all fees without regard to the degree of success, then that wouldn't have anything to do — we wouldn't even get to the question of abuse of discretion, would we? I believe, Your Honor, it would be correct if the degree of success for the standard which should be applied, but it is not. I think as the Court — I'm sorry. Abuse of discretion standard would be useful here in determining whether the district court properly reduced the award from $42,000 to $21,000 because of the failure to identify prevailing issues. But you aren't contesting that, and that would be a question as to whether the district court had abused its discretion. As I understand the school district's argument, it is that the district court believed that it did not have the authority to take into account the degree of success of your client in the overall litigation. And that might mean that we would never get to the question of abuse of discretion because the district court believed that it was bound in the first place. Well, I don't think there's been any establishment that the degree of success was the standard which should be used. Oh, that's the issue the case presents. I know in your briefs you've argued there's no case that says it should, but conversely there's no case that says it shouldn't either. We do have decisions from district courts that have tried to apply or have applied. And indeed, the next case in this morning's calendar presents exactly that. And so I don't know that you can come in and say, well, you don't have a case that dooms me, so I win. I think you've got to persuade us that there's a reason why degree of success shouldn't be a factor. And I'm happy to do that. With respect to the case, Hensley v. Eckert, that the district has argued, there are a couple of items that the court needs to be aware of. First of all, Eckert was decided more than 20 years ago. The fee provision statute, the fee-shifting statute that was enacted was enacted three years after Eckert. Had Congress wanted to implement the ruling in Eckert into law, it certainly could have done so. In addition, the district is hanging its case on a footnote, footnote 7 of that case. Once again, there's no indication in that footnote that the Supreme Court intended its statement to apply to a fee-shifting statute which would not come into law for an additional three years. We apply the degree of success standard in a good number of situations. Why is this one different? I believe the difference, first of all, begins with the congressional intent of the IDEA, which was to preserve the right of children with disabilities to a free, appropriate public education. But the attorneys' fee statute says may award reasonable attorneys' fees. It doesn't say whatever attorneys' fees get charged or whatever attorneys' fees may be necessary to get representation for plaintiffs. Reasonable is the key, and that's where degree of success ordinarily comes in. Is this fee reasonable given the degree of success accomplished? Well, the statutory framework of Section 1415 outlines the parameters under which reasonableness is determined. It identifies those things which may not be reimbursed. It also identifies those items for which the fees can be reduced. Once again, if there had been an intent to – if Congress had wanted to, they certainly could have changed the statute. In fact, not only was the statute amended in 1997, it was just recently amended at the end of 2004 and come into effect July 1st of 2005. Well, given decisions of other circuits, it appears that they don't need to amend the statute in order for degree of success to apply, because according to other circuits, degree of success does apply. Well, I think the Ninth Circuit has always been known as a maverick court, not necessarily following other courts. And it has – because the three – So the fact that Congress hasn't reined us in specifically should be support for your position? No, but I believe that this Court has diligently acted to consistently preserve the rights of individuals, whether it be under the IDA or under other laws. In addition, I think another thing that needs to be distinguished is that what you have in these other cases, specifically we'll go to a civil rights case in 1988 or a 1983 violation, those are Federal trials. You have all the accouterments that go with that. You have the discovery. You have the Rule 16 pretrial conference. Under the IDA, it's an administrative proceeding. It's a very fast proceeding. From the time under the old system, and I'm talking about pre-July 1st, 2005, when these cases were heard by the Special Education Hearing Office, from the time you filed your request for due process until your due process hearing, unless you took it off calendar, it was approximately three weeks. There is no discovery. There's disclosure of issues. There's disclosure of witnesses. There's disclosure of exhibits. It all goes very fast. So you don't have a system whereby the parties can flesh out, you know, where things really lie, so that when you finally get to trial, you can say, okay, these are really the issues we're going to go on. You know, we've had our ten depositions we're allowed to have. We've had a request for production. We've had a request for admissions. You don't have that possibility in this context. Accordingly, if, you know, if you don't raise it, you waive it. So you raise your issues that you've got and you put on your hearing, and when you're done, you hope that the decision has been in favor for your client in one or more of the areas. When you go to the court, that court has discretion to reduce the fees if it believes in its mind that they're not reasonable. It has the ability to look at whether or not the rate is appropriate, whether the hours put in were appropriate, whether or not the party prolonged the litigation. It has that authority and power. There's no reason for this court to say, okay, at this juncture, we're going to now impose a new standard on you. We're going to remove your abilities for some of your discretion. We're going to impose a degree of success. One of the problems you run into in the degree of success is determining how do you value what was given by that hearing officer. For example, let's say a parent asks for compensatory education, asks for a new assessment, and in addition, the parent asks for prospective services. Let's say the parent does not receive relief on all three of those issues. How do you value that to determine whether or not it's successful? Essentially, you're going to bootstrap the process that's given at the administrative level in the trial court. You're going to prolong it, and you're going to make the judge try and look behind it and say, well, gee, just how successful was this? I mean, how do I value the educational benefits that were provided to the student? That is almost impossible. And I don't think it is appropriate. Courts have to do valuation decisions that are much more difficult than that. In this case, my understanding is that your client was awarded eight months of, I've forgotten the adjective, adaptable. Compensatory education versus technology. In the form of a computer, certain computer assistance. Well, I'm sure that's something that's easily ascertainable in terms of a dollar value. What's it cost to provide that equipment? What's so difficult about determining what the success was? Because you cannot ascertain a dollar value. Because the dollar value of the computer doesn't calculate what the value is to the student, the educational benefit they receive. What would it take for a child to miss a year to a year and a half of educational opportunity? How much would the parent take? You can't calculate that. You can't say. Courts do that all the time. We have to put dollar values on things that are very, we put dollar values on human life. So to suggest that it's impossible to place a dollar value on this seems to me rather unlikely. But then how do you compare that versus another item that parents stop at perhaps not obtain? I think the valuation. What I found interesting about the argument in your brief is that you presented an argument. It was a capable argument to this point. But you didn't really argue how substantial the value was obtained by your client here as compared to what your client asked for. I mean, in fact, the district's argument that you obtained only a small fraction of what you sought has gone unrefuted. Because I don't know that the standard should change from what it is, which is a significant issue test. You look at the reasonableness. I think we did argue the fact that the district was really ignoring this kid, right? Yes. And so you had to go to the district and shake them up a little bit and wake them up. And I mean, this is a district where, and I'm a product of the LA Unified School District, but it was a different district then. It was a disciplined district. And so I don't want to get on that subject. I don't want to get my old. We have to decide which way that cuts, I guess. I don't want to get my boy's vice principal and the principal and how they ran schools in those days, which was, I think, good. But now they just, you know, they're like babysitters. But so they brought this to their attention. And, you know, this district was what? LA Unified School District or even California rates probably a little bit above what Mississippi in places like that. We don't have any Mississippi lawyers here today. We had some yesterday. So I feel safe. But so you call their attention. You're ignoring this kid. This kid needs some help. And you succeeded. That was a significant or substantial issue. Now you've rung their bell and they understand they've got to do something about this child. Isn't that basically it? Yes. Okay. You can't, you know, you can't. We've had civil rights cases where someone will sue Riverside Police Department. And they'll allege seven causes of action. And they'll succeed on one. But we've awarded the full attorney's fees. Because you never know what's going to come out of this. And, you know, when you go in there and you're presenting the case, you don't want to have to say, well, I'm going to just take this issue. Because, you know, if I lose on these others and I think this is my best one and I lose on some of these others, I'm not going to get very much if I succeed on this one. Is that what you're saying? I think that's great. That's my point that I said you raise it or waive it. It was very effectively done. And I appreciate this. And I will close that we do believe that imposing the degree of success standard does not comport with the statute as written or its intent. The parameters for awarding the fees are already outlined in the statute. We also believe that the appellant has not put forth any sound argument why this should be changed. And we believe that the district court's award was appropriate and that it should be affirmed. Thank you.  Thank you, Your Honor. Just two points on rebuttal. I'll tell you, when LA Unified had its 100th anniversary, you know, they chose students from different schools. And from my high school, they had two people, a guy named Mike Garrett and myself. So I like the LA Unified students. We appreciate that, Your Honor. Mike's doing pretty good too, you know. That's great. You know who he is, don't you? I have to plead ignorance. I apologize, Your Honor. Are you kidding? We're old. Where did you go to school? I also am a product of Los Angeles Unified, Your Honor. That just proves the point. I argued about this thing. Mike Garrett, he's a Heisman Trophy winner from Roosevelt High School in Boyle Heights. And he runs the athletic department for USC. I should know that, Your Honor, because I'm a very large football fan. My apologies. He's got his picture at the headquarters. You should see it as you walk right through the door. But I guess you do it all by computers and all that. May I raise two points with the court, Your Honor? Sure. One point is that the- Where did you go to school here? Chatsworth High School, Your Honor, in the San Fernando Valley. Oh, I know Chatsworth High School, yeah. Okay. Parent makes the argument that the administrative process is different because there's no discovery. But that's really a red herring, Your Honor, because under both federal law and California law as a matter of statute, the parent has the right to access and look at the child's educational records within five days' notice. So there's not any surprises on the parent's side at administrative proceedings. To answer Your Honor's question about when the act was enacted, the attorney's fees provision, it was in 1986, the Handicapped Children's Protection Act. And as we say in our papers, the Congress is presumed to have notice of the Hensley Standards when they enacted that provision under case law. Finally, the district has to deal with hundreds of due process claims. If the degree of success standard is disregarded, we will have myriad of non-meritorious claims added to the meritorious ones, which will end up increasing litigation, not fostering settlement. Thank you, Your Honor. Thank you. That's it. Thanks. The school's out. How about we back in again? Back in.
judges: Pregerson, Clifton, Bybee